IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS SANTIAGO | : |
|          Plaintiff, | :   CIVIL ACTION |
| | :   NO.   16-0561 |
| v. | : |
| CAROLYN W. COLVIN, ACTING COMMISSIONER of the SOCIAL SECURITY ADMINISTRATION | : |
|          Defendant. | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                  **July 6, 2016**

On April 24, 2014, an Administrative Law Judge with the Commissioner of Social Security (Commissioner) denied mental impairment disability benefits to Luis Santiago. Mr. Santiago sought review and the Appeals Council denied review on December 7, 2015 affirming the ALJ's decision as the Commissioner's "final decision."[1] Mr. Santiago seeks judicial review of the Commissioner's denial of social security benefits.[2] As we find incomplete analysis under our standard of review, we remand to the Commissioner for a more complete examination of Dr. Colbert's medical opinion evidence as it relates to any adaptive functioning deficits Mr. Santiago may have.

### I. Standard of review

In reviewing the Commissioner's decision, we are limited to whether "substantial evidence" supports her decision.[3] "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] We may not re-weigh the evidence of

the record.[5] Even if we would have decided the case differently, the Commissioner's decision must be affirmed when it is supported by substantial evidence.[6] In a sufficiently developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the Commissioner's decision] from being supported by substantial evidence."[7]

## II. Analysis

The ALJ uses a five-step sequential evaluation process to determine if a person is eligible for disability benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; *(3) whether the claimant's impairment meets or equals a listed impairment*; (4) whether the claimant's impairment prevents claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.[8] The claimant bears the burden of proof at steps one through four.[9]

When the claimant's alleged impairment is an intellectual disability, step three of the sequential evaluation process is met when the claimant proves they have (1) significantly subaverage general intellectual functioning with (2) deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before the age of 22.[10] The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.[11] Of these requirements, Mr. Santiago's claim refers only to § 12.05B and § 12.05C. § 12.05B requires a valid verbal, performance, or full scale IQ of 59 or less to be satisfied, while § 12.05C requires a valid verbal, performance, or full scale IQ of 60

through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function to be satisfied.[12]

The ALJ found in favor of Mr. Santiago at steps one and two of the sequential evaluation process.[13] At step three, the subject matter of our review, the ALJ found "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1," and more specifically the ALJ found "the claimant does not demonstrate significant deficits."[14] Mr. Santiago now challenges the ALJ's decision.

### A. The ALJ sufficiently explained why he accepted or rejected the evidence included in his decision.

Mr. Santiago first argues the ALJ erred by failing to properly consider whether Santiago's intellectual deficits met or equaled the requirements of Listing 12.05. Mr. Santiago argues he showed other mental impairments imposing additional and significant work-related limitations of function, and his IQ scores meet the requirements of Listing 12.05. The Commissioner does not dispute either of these arguments and concedes Mr. Santiago may satisfy the prongs of §§ 12.05B or 12.05C. The Commissioner disagrees with Mr. Santiago's argument the record contains abundant evidence of deficits in adaptive functioning.

Mr. Santiago argues he adduced evidence of deficits in adaptive functioning, and the ALJ erred when he failed to explain why these deficits do not satisfy Listing 12.05. As pointed out by both Mr. Santiago and the Commissioner, "the record contains facts cutting both ways" as to whether Mr. Santiago possesses the requisite adaptive functioning deficits.

3

Based on our standard of review, we find the ALJ sufficiently addressed why any evidence of deficits in adaptive functioning included in his decision do not satisfy the Listing of 12.05. The ALJ relied on evidence he found consistent with one another. The ALJ gave "great weight" to state agency psychological consultant, James Vizza, Psy.D. Dr. Vizza determined the "claimant's mental impairments resulted in moderate restriction in his activities of daily living, moderate difficulties in social functioning, moderate deficiencies in concentration, persistence, or pace, and no extended episodes of decompensation."[15] The ALJ found Dr. Vizza's opinion is consistent with "Mr. Santiago's ability to earn a GED, maintain a relationship with his girlfriend, work on and ride a bicycle, shop, and play videogames."[16] This evidence relied upon by the ALJ is substantial "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17]

Mr. Santiago is correct the record contains potential evidence of deficits in adaptive functioning. For example, treating source Dr. Reitano and examining source Dr. Griffin's opinions, which both read Mr. Santiago's impairments result in limitations "that would likely preclude all work activity."[18] The ALJ explains he assigned these opinions "little weight," along with Dr. Elinow's report, because of the reasons relied upon above, and also because the medical statements and Mr. Santiago's own statements are inconsistent with these opinions.[19] Among these inconsistencies listed in the ALJ's decision are Mr. Santiago's ability "to complete paper work independently and demonstrate[] no difficulty writing," his "mental acumen to commit a felony," and his "ability to obtain marijuana in order to use it."[20] The ALJ found "[t]hese activities [among others] are evidence of [Mr. Santiago's] ability to independently perform basic

4

mental and physical work-related activities."[21] Mr. Santiago also initially feigned ignorance while under oath when asked by the ALJ about marijuana use, a fact inconsistent with his 2009 diagnosis of marijuana abuse and statements to Dr. Colbert, eroding his credibility.[22]

"If… the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record."[23] While there is room for the ALJ to be more detailed in his analysis, most notably in the way Dr. Elinow's report is only mentioned as "exhibit 2F," the ALJ sufficiently explained why he accepted or rejected the evidence included in his decision.

### B. The ALJ did not analyze or assign weight to Dr. Colbert's opinion on whether Mr. Santiago established requisite adaptive functioning deficits.

Mr. Santiago also argues the ALJ did not analyze or assign weight to either the opinion of the 2003 examiner Dr. Elinow, or the 2012 examiner Dr. Colbert. In response, the Commissioner responds "this is not entirely accurate."[24] We are not persuaded by his argument. The Agency policy provides, "In determining whether you are disabled, we will always consider the medical opinions in your case record…."[25] "[W]e will evaluate every medical opinion we receive."[26]

"Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence."[27] "[W]e need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."[28]

5

The ALJ addresses Dr. Elinow's report at Exhibit 2F.[29] The ALJ also discusses why he did not give great weight to this exhibit's evaluation.[30] In response to not analyzing or assigning weight to Dr. Colbert's opinion, the Commissioner argues "Dr. Colbert's opinion is of no benefit to Plaintiff as Dr. Colbert concluded that Plaintiff had 'no impairment in his ability to understand, remember, and carry out one to two-step instructions.'"[31] This reasoning is absent from the ALJ's decision entirely.

According to Mr. Santiago, Dr. Colbert's medical statement opines Santiago "had significant deficits in adaptive functioning, including: inability to perform more than one- to two-step instructions; moderately impaired concentration and attention; "limitations in behavior" described as depression, anxiety and anger; and impairment in ability to interact with others "as he presented easily agitated and short tempered with poor ability to manage impulses."[32] We must review the ALJ's decision as it is, and may not rectify the "ALJ's failure to consider all of the relevant and probative evidence... by relying on medical records found [through our] own independent analysis."[33]

The ALJ does not analyze or assign weight to Dr. Colbert's opinion on whether Mr. Santiago has established the requisite adaptive functioning deficits.[34] This ambiguity and lack of evaluation of Dr. Colbert's opinion in the ALJ's findings is contrary to Agency policy.[35] We remand for a further hearing to allow the ALJ to clearly and sufficiently evaluate all of the pertinent medical evidence.

### III. Conclusion

The ALJ did not analyze or give weight to Dr. Colbert's medical opinions. It is unclear whether the ALJ considered all of the pertinent medical evidence relating to Mr. Santiago's adaptive functioning deficits as the Agency rule requires. We remand to the

Commissioner for a more thorough evaluation of the pertinent medical evidence on Mr. Santiago's adaptive functioning deficits, explaining any conciliations and rejections.

---

[1] (ECF Doc. No. 13, Record, at 1-6).

[2] 42 U.S.C. § 405(g).

[3] *Burnettt v. Comm'r of Soc. Sec. Admin.*, 220 F.d 112, 118 (3d Cir. 2000).

[4] *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988)).

[5] *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

[6] *Id.* at 1190-91.

[7] *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

[8] 20 C.F.R § 404.1520 (emphasis added).

[9] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

[10] 20 C.F.R. § 404, Subpt. P, App. 12.05

[11] *Id.*

[12] *Id.*

[13] (ECF Doc. No. 13, at 23-24).

[14] (*Id.*, at 24-27).

[15] (*Id.*, at 25-26).

[16] (Id., at 26).

[17] *Hartranf*, 181 F.3d at 360 (3d Cir. 1999).

[18] (ECF Doc. No. 13, at 26).

[19] (*Id.*).

[20] (*Id.*, at 25).

---

[21] (*Id.*).

[22] (*Id.*).

[23] *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 148 (3d Cir. 2007).

[24] (ECF Doc. No. 15, Def. Br. at 10).

[25] 20 C.F.R. § 416.927(b).

[26] 20 C.F.R. § 416.927(c).

[27] *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *see Burnett*, 220 F.d at 121 ("the ALJ did err by reason of his failure to consider and explain his reasons for discounting all of the pertinent evidence before him…").

[28] *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

[29] (ECF Doc. No. 13, at 26).

[30] (*Id.*).

[31] (ECF Doc. No. 15, Def. Br. at 11).

[32] (ECF Doc. No. 14, Pl. Br. at 12-13).

[33] *Fargnoli*, 247 F.3d at n.7 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S. CT. 454, 87 L. Ed. 626 (1943)).

[34] 20 C.F.R. § 404.

[35] 20 C.F.R. § 416.927(c).